UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-252 (JR) |
| | : | |
| v. | : | |
| | : | |
| LEONARDO FUENTES, | : | **FILED UNDER SEAL** |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR DEPARTURE AND
MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this pleading which is a motion for a departure, pursuant to 18 U.S.C. Section 3553(e) and U.S.S.G. § 5K1.1, to allow the Court to sentence defendant outside the applicable guideline range and sentencing provisions, and memorandum in aid of sentencing. In support of its motion, the Government represents the following:

**BACKGROUND**

Defendant, Leonard Fuentes, is now twenty-two years old. He was born in El Salvador, and entered the United States illegally in approximately 2000. Because of his conviction in this case, defendant is subject to deportation, and a detainer has been lodged against him by the United States Department of Homeland Security (Immigration & Customs Enforcement).

In May of 2006, the Metropolitan Police Department's Narcotics Special Investigation Division ("NSID") was utilizing a confidential source ("CS") in an effort to curtail drug trafficking in the District of Columbia. The CS told NSID officers that an individual named Leonardo Fuentes was willing to sell a half of a kilogram of cocaine hydrochloride.

On May 11, 2006, after telephone calls between the CS and defendant, defendant agreed to sell a half of a kilogram of cocaine hydrochloride for $14,000 to an individual defendant thought was

an associate of the CS. (The associate was actually an undercover police officer posing as a drug dealer.) The agreement was to meet at the Burger King restaurant located in the 300 block of Florida Avenue, N.E., Washington, D.C.

At approximately 8:27 p.m. on that day, the CS drove into the Burger King parking lot with defendant Fuentes in the front passenger seat and former co-defendant Aldo Machado in the rear driver's side seat. The undercover police officer ("UC") entered the CS's car. The UC asked to see the cocaine hydrochloride, at which time defendant pulled out of a black plastic bag a white rock/powder substance wrapped in plastic and foil. Defendant told the UC, in Spanish, that the price was $14,000. The UC looked at Machado and said, "$14,000?" Machado nodded his head in an affirmative motion.

The UC said he had to get the money and then exited the CS's car. The UC gave a signal to the police arrest team, and officers arrived and arrested the defendants. It was later determined through the investigation that Machado had full knowledge of the drug transaction, had assisted defendant with the transportation of the cocaine hydrochloride to the Burger King parking lot, and was to be paid $200 for his assistance.

## DISCUSSION OF SUBSTANTIAL ASSISTANCE

Approximately five months after defendant was arrested, he agreed to cooperate and assist law enforcement in prosecuting other drug traffickers. Defendant spoke to law enforcement on four occasions. Initially defendant was not completely candid, but later he provided law enforcement officers with valuable information regarding drug trafficking in the community. Specifically, defendant agreed to testify against three drug traffickers. Shortly after defendant pled guilty, the three drug traffickers pled guilty, (two of them have already been sentenced). Machado's case has

also been resolved.

## AUTHORITY TO DEPART

The undersigned Assistant United States Attorney has advised the Departure Committee of the United States Attorney's Office for the District of Columbia of the facts relating to this case and to defendant's actions. The Departure Committee authorized the filing of this motion, pursuant to 18 U.S.C. Section 3553(e) and U.S.S.G. § 5.K1.1.

Therefore, the Court may depart from the guidelines and applicable sentencing provisions in fashioning a sentence in this case. Pursuant to the United States Sentencing Guidelines, the defendant's sentencing guideline range is 37 to 46 months of incarceration, with a mandatory minimum term of imprisonment of five years. Defendant appears to be eligible to be sentenced in accordance with U.S.S.G. 5C1.2 of the Sentencing Guidelines (Applicability of Statutory Minimum Sentences in Certain Cases). Based upon defendant's cooperation in assisting law enforcement with the prosecution of three other drug traffickers, the United States suggests that the Court depart from the applicable guidelines range and mandatory minimum sentence.

## SENTENCING RECOMMENDATION

Defendant provided substantial assistance to the Government in a case involving three other drug traffickers. Defendant provided important evidence that bolstered the government's case against the three drug traffickers, all of whom ultimately pled guilty. Defendant's assistance led to both the Court and government conserving resources.

Furthermore, it became evident to the undersigned during the investigation of this case that defendant was not a seasoned drug trafficker, and was working for a more significant drug trafficker. In addition, neither defendant or Machado were ever armed during the drug transaction.

The government and defense counsel have discussed defendant's sentence, and the government has represented that it will request that the Court sentence defendant to eighteen months of incarceration. Defense counsel has stated that she will ask the Court for "time served." Defendant will face deportation proceedings upon completion of his term of imprisonment.

For the reasons set forth above, the government recommends that defendant be given a sentence of eighteen months incarceration, a term of at least four years of supervised release, and receive substance abuse treatment.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court grant its motion and sentence defendant to, <u>inter alia</u>, 18 months of imprisonment.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Anthony Scarpelli
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 Fourth Street, N.W., Room 4816
Washington, D.C. 20530
(202) 353-1679

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was sent to the attorney for defendant, Joanne Hepworth, Esquire, this 8th day of May, 2007.

                                                      Anthony Scarpelli  
                                                      Assistant United States Attorney